UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. VERA MARTINEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI-MENDOTA,<br><br>　　　　Respondent. | Case No.: 1:22-cv-01282-SKO (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE AN AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO PROVIDE BLANK FORMS FOR FILING A § 2241 HABEAS ACTION<br><br>[30-DAY DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on October 7, 2022, challenging his conviction. Upon review of the petition, the Court finds that the petition should be dismissed for: 1) failure to state a claim; and 2) failure to sign the petition on penalty of perjury. Petitioner will be granted an opportunity to file an amended petition to cure the deficiencies.

**BACKGROUND**

I.   Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

1

from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.     Failure to State a Claim for Relief

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[2] requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Petitioner has filed a deficient petition. Petitioner claims he is actually innocent of violating § 1326(a) and (b). However, the petition is absent of any facts regarding his conviction. He provides no specifics on his conviction, such as: 1) the court of conviction; 2) the date of conviction; 3) the crimes of which he was convicted[3]; 4) the sentence received; or 5) when he expects to be released. Further, Petitioner provides no information as to any further relief he has sought, such as any appeals he has

---

[2] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

[3] Petitioner states he is actually innocent of § 1326(a) and (b), but he provides no further information. The Court assumes he was convicted of violating § 1326(a) and (b), but Petitioner does not state this as a fact, nor does he inform whether this was his only crime of conviction.

filed or any motions/petitions for collateral relief, whether in the court of conviction or court of custody. Without this information, the Court cannot determine whether it has jurisdiction, under which code section it has jurisdiction, and whether the petition states a cognizable claim. Most certainly, the Court cannot determine whether Petitioner satisfies the savings clause as set forth in 28 U.S.C. § 2255.

III.     Failure to Sign Petition

Local Rule 131 requires a document submitted to the Court for filing to include an original signature. In addition, Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." Here, Petitioner has failed to sign the petition under penalty of perjury. Petitioner may cure this deficiency when filing his amended petition.

**ORDER**

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED with leave to amend. Petitioner is GRANTED thirty (30) days from the date of service of this Order to file an amended petition. The Clerk of Court is DIRECTED to provide Petitioner with blank forms for filing a § 2241 habeas action. Petitioner is forewarned that failure to comply with the Court's order will result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

Dated:   **October 21, 2022**               /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE