# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. VERA MARTINEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI-MENDOTA,<br><br>　　　　Respondent. | Case No.: 1:22-cv-01282-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY DEADLINE] |

  Petitioner is a federal detainee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed his initial petition on October 7, 2022. After conducting a preliminary review of the petition, the Court dismissed the petition with leave to amend. On November 4, 2022, Petitioner filed a first amended petition purportedly challenging his conviction and sentence. Upon review of the amended petition, the Court finds it lacks jurisdiction and will recommend it be dismissed.

/////

/////

/////

/////

/////

1

# BACKGROUND

## I.   Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II.   Background

Petitioner claims to be challenging a conviction and sentence for illegal reentry in the District of Texas.  He provides no further details concerning his conviction or sentence.  The Court has conducted a search of case records from the Western District of Texas and discovered that Petitioner has only been arrested and charged with illegal reentry.  See United States v. Vera-Martinez, Case No. 2:19-mj-01151-CW-1 (W.D. Tex.).   On January 30, 2019, he was ordered detained without bond until completion of the case.  Id.  According to the docket, Petitioner is represented by Natasha Ann Torres, Esq., and the case is still in its infancy.  Id.

## III.   Lack of Jurisdiction

Petitioner has filed his action in the wrong court.  Although Petitioner is confined within this District at the Federal Correctional Institution in Mendota, California, he is facing prosecution in the Western District Court of Texas, not in this District.  He claims he is actually innocent of the charge of legal reentry, and he claims Section 1326 violates the equal protection clause of the Fifth Amendment.  Jurisdiction for these challenges lies in the Western District of Texas.  Petitioner is represented by counsel in his Texas case.  Petitioner is advised to contact counsel concerning any challenge he may wish to bring in that matter.  In any case, this Court lacks jurisdiction to intervene in the Texas District Court case, and the petition should be dismissed.

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

2

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 9, 2022**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE