UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. VERA MARTINEZ,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI-MENDOTA,<br><br>    Respondent. | Case No.: 1:22-cv-01282-ADA-SKO (HC)<br><br>ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS DATED NOVEMBER 10, 2022 (Doc. 9)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY DEADLINE] |

Petitioner is a federal detainee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed his initial petition on October 7, 2022. After conducting a preliminary review of the petition, the Court dismissed the petition with leave to amend. (Doc. 6.) On November 4, 2022, Petitioner filed a first amended petition challenging his conviction and sentence. (Doc. 7.) Upon review of the amended petition, the Court determined that it lacked jurisdiction based on evidence that Petitioner had only been charged with illegal reentry in the United States District Court for the Western District of Texas. On November 10, 2022, the Court issued Findings and Recommendations to dismiss the petition as premature. (Doc. 9.) On December 7, 2022, Petitioner filed objections. (Doc. 10.) In light of Petitioner's objections, the Court will withdraw the Findings and Recommendations of November 10, 2022, and issue new Findings and Recommendations to dismiss the petition.

1

**BACKGROUND**

I.      Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.     Background

Petitioner challenges a conviction and sentence in the Western District of Texas for illegal reentry in violation of 8 U.S.C. § 1326.  Initially, Petitioner provided no details concerning his conviction or sentence.  Based on the scant information provided in the petition, the Court conducted a search and located records for a case in the Western District of Texas in which Petitioner had been arrested and charged with illegal reentry in United States v. Vera-Martinez, Case No. 2:19-mj-01151-CW-1 (W.D. Tex.).[2]  According to the docket, Petitioner had been ordered detained without bond on January 30, 2019.  Id.  No further activity occurred in that case and the Court recommended dismissal as premature.

In his objections, Petitioner asserts that he is serving a sentence of 28 months for illegal reentry entered on October 20, 2021, in the Western District of Texas.  (Doc. 10 at 1.)  The Court has conducted a further review of Petitioner's cases in the Western District of Texas and discovered that Petitioner was indeed convicted and sentenced for illegal re-entry into the United States; however, Petitioner was sentenced on October 28, 2020, not October 20, 2021, and his sentence was to a term of

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981). Accordingly, the Court takes judicial notice of Petitioner's cases in the Western District of Texas.

fifty-seven (57) months with credit for time served since January 26, 2019. See United States v. Vera-Martinez, Case No. 2:19-cr-00560-AM (W.D. Tex. 2020).

Based on this information, the Court will withdraw the Findings and Recommendations that the petition should be dismissed as premature. For the reasons discussed below, the Court will nonetheless recommend that the petition be dismissed.

III. Lack of Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964)

(a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner is challenging the validity and constitutionality of his conviction and sentence imposed by the United States District Court for the Western District of Texas, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Western District of Texas, not a habeas petition pursuant to § 2241 in this Court. Petitioner may not proceed via § 2241 here, because he fails to show he has never had an unobstructed procedural opportunity to present his claim, and he does not present a claim of actual innocence.

First, according to the docket in the sentencing court, Petitioner has not yet sought relief via § 2255. The docket reflects that judgment was rendered on October 28, 2020, with no case activity thereafter. See Vera-Martinez, Case No. 2:19-cr-00560-AM. By all accounts, that remedy remains available. Therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

Petitioner has also failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he

must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. Here, Petitioner makes no claim of being factually innocent of illegal reentry. He instead takes issue with the crime of conviction itself, contending it is being applied discriminatorily, in violation of his equal protection rights pursuant to the Supreme Court's decision in Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977). He further contends inmates convicted of violating § 1326 are not able to earn good time credits, in violation of his equal protection rights. Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted. Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"). Petitioner does not allege he did not illegally reenter the United States after having been deported. Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court.

Even if Petitioner satisfied the savings clause and the Court could entertain his petition, the claims are meritless. Courts in this circuit have repeatedly rejected the argument that § 1326 is presumptively unconstitutional because it was enacted with a discriminatory purpose and has a disparate impact. See e.g., United States v. Gutierrez-Barba, 2021 WL 2138801 (D. Az. 2021) (rejecting the claim that because the illegal reentry law was enacted with a discriminatory purpose and still has a disparate impact, § 1326 is presumptively unconstitutional); United States v. Ponce-Galvan, 2022 WL 484990, at *3 (S.D. Cal. 2022) (rejecting the plaintiff's equal protection claim under Arlington Heights); United States v. Machic-Xiap, 552 F. Supp. 3d 1055, 1076 (D. Or. 2021) (rejecting equal protection challenge to § 1326 under Arlington Heights); United States v. Munoz-De La O, 586 F. Supp. 3d 1032, 1050 (E.D. Wash. 2022) (Applying the Arlington Heights framework, the court concluded that defendant failed to meet the burden of demonstrating § 1326 was passed with an invidious discriminatory motivation by Congress as a whole); United States v. Paredes-Medina, 2022 WL 7683738, at *1 (D. Nev. 2022) (rejecting challenge to § 1326 as violating the equal protection guarantee of the Fifth Amendment under Arlington Heights).

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction. In addition, the claims are without merit.

**ORDER**

Based on the foregoing, the Court HEREBY WITHDRAWS the Findings and Recommendations issued on November 10, 2022. (Doc. 9.)

**RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of these Findings and Recommendations, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 19, 2022**           /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE